# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KURTIS LEE BROWN, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   Case No. CV412-153 |
| | ) |
| ERIC SELLERS, Warden, | ) |
| | ) |
|    Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Calling himself Kurtis Lee Brown *and* Kurtis Ladell Brown (the Court is choosing the former because that is what the Georgia Department of Corrections calls him, *see* first attachment),[1] Brown

---

[1] The Court will not permit inmates to change their name to change their game. The Court caught Brown lying to it once before, and he shall not benefit from "docket confusion" over even slight alterations to his name. *Brown v. Thomas*, CV407-124, 2008 WL 5170394 at * 1-2 (S.D. Ga. Dec. 8, 2008) (the plaintiff's failure to disclose prior lawsuits filed under "assumed names" warranted dismissal of the action as a sanction). As noted then, the Georgia Department of Corrections had flagged "Curtis Lee Brown" as one of his known aliases. *Id.*; *see also Brown v. Prison Health Services, Inc.*, CV406-113, 2008 WL 131168 at * 1 (S.D. Ga. Jan. 10, 2008) (merits-dismissal of one of his civil rights suits, this time using the name "Curtis L. Brown"); *Brown v. McConnell*, CV409-086, 2009 WL 2338001 at *1-2 (S.D.Ga. July 27, 2009) (judgment against "Kurtis L. Brown," incarcerated for child molestation, who contended "that nearly every person involved in his criminal prosecution (including police officers, district attorneys, public defenders, judges, the victim, and even the Clerk of the Georgia Court of Appeals) conspired to violate his civil rights," because his case was "*Heck* barred"); *Brown v. Wilcher*, CV406-103, doc. 10 (S.D. Ga. Sep. 5, 2006). ("Curtis L. Brown's" § 1983 complaint dismissed for failing to comply with fee

petitions for 28 U.S.C. § 2254 relief. He also moves for leave to file it *in forma pauperis*, doc. 2, which is **GRANTED**. Upon preliminary review under 28 U.S.C. § 2254 Rule 4, however, the petition must be dismissed as time-barred if not just plain frivolous.

Using a Northern District of Georgia § 2254 form (the case has since been transferred here), Brown says he was convicted of child molestation and sentenced to 20 years in 2007, doc. 1 at 1, but he just "can't remember" when he appealed to the Georgia Court of Appeals. *Id.* at 2. Next to the "Result of appeal" section of the form he wrote "Yes." Then, for collateral proceedings, he chose to be similarly vague about what he has filed. *Id.* As for the "result" of that process he wrote: "I give him 90 days and he never try to me [sic] a hearing at all." *Id.*

Next, Brown checked off that he appealed to the highest court of Georgia his First, Second and Third petitions, *id.* at 3, but then he claims he did *not* appeal, explaining (unedited):

> I did, but know court want hear my motions know am rights and they know they don't have any jurisdiction on me. And this was a kidnapping, false imprisonment, inside trading. I just ask for a hearing.

---

requirements). These cases show that Brown has three 28 U.S.C. §1915(g) strikes against him.

2

*Id.* at 3.

Brown's prior filings (*see supra* n. 1) show that he is just not *that* inept. And in those filings he lied to this Court *and* manipulated his name to try and frustrate judicial screening of his filings, most notably 28 U.S.C. § 1915(g). Now, it is obvious that he seeks to frustrate another (habeas) screening mechanism.[2] He thus "forgets" critical facts and deploys juvenile answers ("Yes") to basic questions. The Court would otherwise be inclined -- as a sanction -- to simply deem the petition untimely and deny relief on those grounds alone.

Timeliness aside, the petition is plainly frivolous. In Ground One, for example, he insists "that the court of Chatham County failed to disclose that there are no clauses in the Georgia Constitution that subjects me to any statutory jurisdiction. (Fraud). (See Att.) Pages." Doc. 1 at 5. His "attached" pages ask questions like, "Is the Petitioner a statutory person?" and "Do the terms state resident and state citizen mean artificial entity established under the legislative authority of the

---

[2] As recently explained in *French v. Carter*, 828 F.Supp. 2d 1309, ___, 2012 WL 515255 (S.D.Ga. Feb. 15, 2012), 28 U.S.C. § 2244(d)(1)(A)'s federal one-year limitation clock ticks so long as the petitioner does not have a direct or collateral appeal in play. *Id.*, 2012 WL 515255 at * 2.

3

state?" *Id.* at 9. And so on, including "Conspiracy" in Ground Two and "Treason" in Ground Three.

He is simply wasting this Court's time with nonsense.

Accordingly, Kurtis Lee Brown's § 2254 petition should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court notes no COA-worthy issues. And, since there are no non-frivolous issues to be raised on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this <u>14th</u> day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

Official Portal for the State of Georgia
Georgia Governor Nathan Deal

# Georgia Department of Corrections

Site Map
Privacy
Links
Contact Us
Help
Find an Offender
Find a Facility
GA Sex Offender Registry Search
Employment
Home
About GDC▽
Community Information▽
Divisions▽
Offender Information▽
News Room▽
Research▽

SHARE    Search our Site:
TEXT
Translate:
SAVE

## Georgia Department of Corrections Offender Search

**Click here to start over | Return to previous screen**
The following represents the most recent information for this offender in our website database. However, this information is not delivered in "real time", and there may have been recent changes that are not displayed below you have questions, or find the below information incorrect, please contact/email us by clicking this link. Once click the link, please select the category *'Information about a specific Offender/Transfers/County Jail Pick-up'*
**BROWN, KURTIS LEE**
**GDC ID: 0001240028**



**PHYSICAL DESCRIPTION**
| | |
|---|---|
| **YOB:** | 1960 |
| **RACE:** | BLACK |
| **GENDER:** | MALE |
| **HEIGHT:** | 5'09" |
| **WEIGHT:** | 150 |
| **EYE COLOR:** | BROWN |
| **HAIR COLOR:** | BLACK |

SCARS, MARKS, TATTOOS

**INCARCERATION DETAILS**
| | |
|---|---|
| **MAJOR OFFENSE:** | STATUTORY RAPE |
| **MOST RECENT INSTITUTION:** | PHILLIPS STATE PRISON |
| **MAX POSSIBLE RELEASE DATE:** | 05/22/2025 Important Release Information |

For parole information please go to Georgia State Board of Pardons and Paroles website.

| | |
|---|---|
| **ACTUAL RELEASE DATE:** | CURRENTLY SERVING |
| **CURRENT STATUS:** | ACTIVE |

**KNOWN ALIASES**
| | |
|---|---|
| A.K.A. | BROWN,CURTIS LEE |
| A.K.A. | BROWN,KURIS LADELL |
| A.K.A. | BROWN,KURTIS LADELL |
| A.K.A. | BROWN,KURTIS LEE |

**STATE OF GEORGIA - CURRENT SENTENCES**
**CASE NO: 625718**
| | |
|---|---|
| **OFFENSE:** | CHILD MOLESTATION |
| **CONVICTION COUNTY:** | CHATHAM COUNTY |
| **CRIME COMMIT DATE:** | 11/17/2004 |
| **SENTENCE LENGTH:** | 20 YEARS, 0 MONTHS, 0 DAYS |

**CASE NO: 625718**
**OFFENSE:** STATUTORY RAPE
**CONVICTION COUNTY:** CHATHAM COUNTY
**CRIME COMMIT DATE:** 10/15/1998
**SENTENCE LENGTH:** 20 YEARS, 0 MONTHS, 0 DAYS

**STATE OF GEORGIA - PRIOR SENTENCES**

**STATE OF GEORGIA - INCARCERATION HISTORY**
**INCARCERATION BEGIN INCARCERATION END**

Site Map
Privacy
Links
Contact Us
Help